UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM FISHBACK, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>MEMORY GARDENS MANAGEMENT CORPORATION, LYNETTE GRAY, in her capacity as receiver of MEMORY GARDENS MANAGEMENT CORP., NEXUS FIDUCIARY TRUST CORP., f/k/a COMMUNITY TRUST & INVESTMENT COMPANY, INC., and SMITH BARNEY, a division of CITIGROUP GLOBAL MARKETS, INC., )<br><br>Defendants. ) | CASE NO. 1:08-cv-0216-DFH-JMS |

ORDER OF REMAND

Plaintiff William Fishback filed this action in state court on January 24, 2008. His amended complaint alleges that the defendants violated the Indiana RICO Act, Indiana Code § 35-45-6-2, by conspiring among themselves and with others to loot a cemetery trust fund of $24 million. Fishback also alleged claims for breach of fiduciary duty and breach of contract by the cemetery owner. The amended complaint alleges that two co-conspirators were indicted in Indiana for felony theft, fraud, and violation of cemetery trust fund statutes, and that another co-conspirator has been indicted in Tennessee for similar crimes.

Defendant Smith Barney removed the case to this court and then moved for dismissal, arguing that the federal Securities Litigation Uniform Standards Act (SLUSA) authorizes removal and then requires dismissal with prejudice. See 15 U.S.C. § 78bb(f)(1).

The court has reviewed the briefs and cited authorities and concludes that SLUSA clearly does not preempt any claim pleaded by Fishback. Fishback's amended complaint does not allege "an untrue statement or omission of material fact in connection with the purchase or sale of a covered security" or a defendant's use of "any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." See 15 U.S.C. § 78bb(f)(1). The only alleged transactions in "covered securities" were not deceptive and were merely incidental to the scheme to loot the cemetery trust fund. Extending SLUSA preemption to plaintiff's claims would lose sight of the language and purpose of SLUSA. Extending preemption to these claims also would go a long way toward allowing SLUSA to swallow a broad swath of state law class actions well beyond the scope of federal and state securities laws, while denying victims any effective remedy at all for serious wrongs. That is not what Congress legislated or intended. See *Gavin v. AT&T Corp.*, 464 F.3d 634, 640 (7th Cir. 2006) (reversing dismissal under SLUSA for failure to satisfy requirement that alleged fraud be "in connection with" transaction in covered security).

This court is aware of *Horattas v. Citigroup Financial Markets, Inc.*, 532 F. Supp. 2d 891 (W.D. Mich. 2007), in which the court held that SLUSA preempted state law claims arising from an alleged scheme by some of the same individuals involved here to loot another cemetery trust fund. *Horattas* may be distinguishable because the plaintiff in that case alleged in the complaint itself that sales of covered securities in the cemetery trust accounts were carried out for improper and illegal purposes and that the brokerage and other defendants breached their duties to act as a prudent investor would act. That complaint thus linked those transactions in covered securities to the alleged scheme to loot the trust fund. See 532 F. Supp. 2d at 894. In any event, whether distinguishable on that basis or not, this court respectfully concludes that *Horattas* applied the "in connection with" requirement too loosely and in a way not consistent with SLUSA or the Supreme Court and Seventh Circuit decisions construing SLUSA.

In the interests of not delaying this civil action any further, the court is remanding this action today. The court will file a separate entry explaining its reasoning in more detail in the near future. This action is hereby REMANDED to the Marion Superior Court from which it was removed.

Date: May 12, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

-4-

Robin L. Babbitt
BINGHAM MCHALE, LLP
rbabbitt@binghammchale.com

Jackie M. Bennett Jr.
TAFT STETTINIUS & HOLLISTER LLP
jbennett@taftlaw.com

H. Nicholas Berberian
NEAL GERBER & EISENBERG
nberberian@ngelaw.com

Joseph R. Derbis
NEAL GERBER & EISENBERG LLP
jderbis@ngelaw.com

Jay P. Kennedy
KROGER GARDIS & REGAS LLP
jpk@kgrlaw.com

James A. Knauer
KROGER GARDIS & REGAS, LLP
jak@kgrlaw.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD LLP
vmiller@cohenandmalad.com

Fred Anthony Paganelli
TAFT STETTINIUS & HOLLISTER LLP
paganelli@taftlaw.com

-5-

Kyle D. Rettberg
NEAL GERBER & EISENBERG LLP
krettberg@ngelaw.com

Steven E. Runyan
KROGER GARDIS & REGAS LLP
ser@kgrlaw.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Mark Richard Waterfill
DANN PECAR NEWMAN & KLEIMAN
mwaterfill@dannpecar.com

Terry D. Weissman
NEAL GERBER & EISENBERG LLP
tweissman@ngelaw.com